AO 440 (Rev. 10/93) Summons in a Civil Action — SDNY WEB 4/99

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

KEN KNIGHT

    Plaintiff,

V.

GETTY IMAGES

    Defendant

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 05 Civ.

# 05 CV 5907

## JUDGE HOLWELL

TO: (Name and address of defendant)

Getty Images
75 Varick Street, 5th Floor
New York, NY 10013

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Edward Greenberg, Esq.
GREENBERG & REICHER, LLP
50 East 42nd Street, 17th Floor
New York, NY 10017

an answer to the complaint which is herewith served upon you, within ____30____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

CLERK

*/s/ Marcos Quintero*

(BY) DEPUTY CLERK

DATE  JUN 27 2005

Edward Greenberg, Esq. (ECG 5553)
GREENBERG & REICHER LLP
50 East 42nd St. 17th Floor
New York, NY 10017
(212) 697-8777

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KEN KNIGHT

                    Plaintiff,

   - against -

GETTY IMAGES

                    Defendants.
------------------------------------------------------------------x

JUDGE HOLWELL

**05 CV 5907**

COMPLAINT

JURY TRIAL
DEMANDED



JUN 2 7 2005
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff, KEN KNIGHT by his attorneys, GREENBERG & REICHER, LLP alleges as follows:

### PARTIES

    1.  Plaintiff KEN KNIGHT, (hereinafter "KNIGHT") is a resident of the State of Louisiana, residing at 2020 Washington Street, Franklinton, Louisiana, 70438.

    2.  The defendant GETTY IMAGES is, upon information and belief, a New York corporation, with its principal place of business at One Hudson Square, 75 Varick Street, 5th Floor, New York, New York 10013.

    3.  The defendant GETTY IMAGES, is upon information and belief, a foreign corporation, with its principal place of business at One Hudson Square, 75 Varick Street, 5th Floor, New York, New York 10013.

4. That GETTY IMAGES operates as a photographic "stock agency", making celebrity and/or newsworthy images available to newspapers, periodicals, websites, television programs and other publications for limited periods of time on a fee basis.

## JURISDICTION AND VENUE

5. This is a civil action for copyright infringement.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1338.

7. Venue in the Southern District of New York is proper pursuant to 28 U.S.C. 1400.

## FACTS COMMON TO ALL CLAIMS

8. That plaintiff, KNIGHT, is a professional photographer with many years of experience.

9. On or about March 9, 2000, the plaintiff created an image of one Jason Allen Alexander.

10. That plaintiff retained copyright in the subject image and registered the image on January 9, 2004.

11. The copyrights and registrations in the image relevant herein belong to the plaintiff and no transfer, sale or assignment of same has taken place.

12. At approximately 5:30 a.m. on January 3rd, 2004, internationally known pop performer Britney Spears married Mr. Alexander in a Las Vegas chapel. Said marriage was annulled some 55 hours later.

13. The Spears' marriage quickly became public and was reported via numerous newspapers, media outlets and publications. There was instant and significant demand within

the publicity, news and entertainment industries for photographic images of "Mr. Britney", to wit, Mr. Alexander.

14. That, unlike Ms. Spears, Mr. Alexander was not a well known person, celebrity or public figure at the time of the marriage.

15. That images of Ms. Spears which involve or reflect upon her personal life have previously been the cause of biding wars among rival celebrity publications seeking to acquire the exclusive right to publish said images. Ms. Spears is among the most photographed persons in the world and photos incorporating her likeness and/or those whose lives intersect with hers are routinely licensed and/or sold for significant fees worldwide. Many of those images are repeatedly licensed and fees are earned in consideration thereof.

16. To date, the plaintiff has not made the subject image available to any photographic stock agency or otherwise initiated third party licensing of the subject image.

17. That upon information and belief, the defendant GETTY IMAGES operates a commercial business based in whole or in part upon the licensing, syndication or selling of commercial photography.

18. That on or about May 4, 2005, the plaintiff discovered his image of Jason Allen Alexander displayed on the website <www.gettyimages.com>, whereon said image was made available to GETTY IMAGES's licensees for download and use.

19. That on its website, defendant falsely attributed copyright of the subject image to "Getty Images/ Handout", when in fact, the image was created by the plaintiff.

20. Upon information and belief, defendant charged to and collected from third parties fees in consideration of such licensing.

21. The publication of the subject image was without the plaintiff's knowledge.

permission, or consent.

22. That the plaintiff holds a registered copyright in his image of Mr. Alexander, to wit: VAu 596-505.

23. Upon learning of defendant's publication on or about May 4, 2005, the Plaintiff, through counsel, sent the Defendant GETTY IMAGES, a letter dated May 13, 2005 demanding, *inter alia*, that it provide a full accounting of all usage of plaintiff's image so that the plaintiff could formulate a demand for payment for same.

24. The full nature and extent of the defendant GETTY IMAGES's usage of the subject image is unknown, such information being in the sole custody, possession and control of the defendants.

25. Upon information and belief, the defendant has benefited from additional unauthorized usage of the subject image.

26. That plaintiff has sought non-judicial resolution of the issues complained of herein and asserts the allegations contained of herein in good faith.

27. The foregoing allegations are incorporated into each of the following claims for relief.

### FIRST CLAIM FOR RELIEF

#### Copyright Infringement
#### Under Section 501 of the Copyright Act

28. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. The plaintiff is the registered copyright holder in the subject image as set forth

above.

30. That Defendant GETTY IMAGES had no license, either written or oral, to publish or license the subject image.

31. Notwithstanding, on or about May 4, 2005, the plaintiff discovered his image of Jason Allen Alexander on the website <www.gettyimages.com>, whereon said image was made available to defendant GETTY IMAGES's licensees for download and use.

32. That on its website, defendant falsely attributed copyright of the subject image to "Getty Images/ Handout", when in fact, the image was created by plaintiff.

33. Upon information and belief defendant charged to and collected from third parties fees in consideration of such licensing.

34. That the publication of the subject image by the Defendant constitutes federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted the plaintiff KNIGHT as copyright holder.

35. Defendant's licensing, display, and distribution of the subject images was negligent.

36. As a result of Defendant's acts, Plaintiff has been and will continue to be damaged in an amount as yet undetermined.

37. Plaintiff is further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of Defendant's copyright infringement.

## SECOND CLAIM FOR RELIEF

### Copyright Infringement
### Under Section 501 of the Copyright Act

38. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1

through 37 as if fully set forth herein.

39. That GETTY IMAGES had no license, either written or oral, to publish or license the subject image.

40. Notwithstanding, on or about May 4, 2005, the plaintiff discovered his image of Jason Allen Alexander on the website <www.gettyimages.com>, whereon said image was made available to defendant GETTY IMAGES's licensees for download and use.

41. That on its website, defendant falsely attributed copyright of the subject image to "Getty Images/ Handout" when, in fact, the image was created by plaintiff.

42. Upon information and belief, defendant charged to and collected from third parties fees in consideration of such licensing.

43. That, upon information and belief, at or about the time defendant posted the subject image on its website, plaintiff KNIGHT had already registered the subject image.

44. Defendant knew or ought have known that it or its agent was not the copyright owner.

45. Defendant's publication of the subject image was willful, intentional and in bad faith.

46. As a result of defendant's acts, the plaintiff has been damaged in an amount as yet to be determined.

47. The Plaintiff is further entitled to statutory damages, attorneys' fees and costs under Sections 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et.. seq., given the willful, intentional, malicious and bad faith nature of Defendant's copyright infringement.

### THIRD CLAIM FOR RELIEF

### Vicarious Liability for Copyright Infringement
### Under Section 501 of the Copyright Act

48. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 47 as if fully set forth herein.

49. This Claim arises under Section 501 of the Copyright Act, 17 U.S.C. Section 101 et., seq., and the holding in *Shapiro, Bernstein & Co., v. H.L. Green Co., Inc.*, 316 F.2d 304 (2d Cir. 1963).

50. That GETTY IMAGES infringed the plaintiff's copyright in the subject image as set forth in more detail above.

51. That the publication, reproduction, sub-licensing and distribution of the subject image by GETTY IMAGES was without the plaintiff's knowledge, license or consent.

52. The aforementioned acts of Defendant GETTY IMAGES constitute federal statutory copyright infringement in violation of the exclusive rights granted the plaintiff as copyright holder under Section 501 of the Copyright Act.

53. Defendant GETTY IMAGES's publication, reproduction, sub-licensing and distribution of the subject image was negligent.

54. That defendant GETTY IMAGES was at all times relevant herein, fully aware that it was not the creator and copyright holder in the subject images.

55. Upon information and belief, GETTY IMAGES made the subject image available to third parties for download and use.

56. Upon information and belief, defendant charged to and collected from third parties fees in consideration of such licensing and retained commissions from such fees.

57. That the defendant GETTY IMAGES is vicariously liable for the infringements committed by said third parties.

58. As a result of Defendants' acts, Plaintiff has been damaged in an amount as yet undetermined.

59. Plaintiff is further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of Defendant's copyright infringement.

**WHEREFORE**, the plaintiff demands judgment as against the defendants as follows:

**ON THE FIRST CLAIM FOR RELIEF**- an award of the maximum statutory damages in an amount of not less than $150,000 or for such other amount as may be proper pursuant to 17 U.S.C. §504 and for an order enjoining GETTY IMAGES from infringing the plaintiff's copyrighted image, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

**ON THE SECOND CLAIM FOR RELIEF**- an award of the maximum statutory damages in an amount of not less than $150,000 or for such other amount as may be proper pursuant to 17 U.S.C. §504 and for an order enjoining GETTY IMAGES from infringing the plaintiff's copyrighted image, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

**ON THE THIRD CLAIM FOR RELIEF**- damages as allowable by statute and in an amount as yet undetermined, inclusive of attorneys fees and costs;

Prejudgment interest on all sums due;

And such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      June 23, 2005

Yours, etc.,

By: Edward C. Greenberg, Esq.(ECG 5553)
GREENBERG & REICHER, LLP
Attorney for the Plaintiff
50 East 42nd Street, 17th Floor
New York, New York 10017
Tel: (212) 697-8777

========= NOTICE OF ENTRY =========

Please take notice that the within is a (certified) true copy of duly entered in the office of the clerk of the within named court on           , 2005.

Dated: New York, New York

Yours, etc.,
Greenberg & Reicher, LLP
Attorneys for
50 East 42nd Street 17th Floor
New York, NY 10017

To:

Attorney for

========= NOTICE OF SETTLEMENT =========

Please take notice that an order of which the within is a true copy will be presented for settlement to the Hon.           one of the judges of the within named Court, at

on           , 2005, at

Dated: New York, NY
       , 2003

Yours, etc.,
Greenberg & Reicher, LLP
50 East 42nd Street 17th Floor
New York, NY 10017

To:

Attorney for

---

INDEX NO                     YEAR 2005

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

KEN KNIGHT

                          Plaintiff(s)

against

GETTY IMAGES

                          Defendant(s)

========= SUMMONS AND COMPLAINT =========

GREENBERG & REICHER LLP
ATTORNEYS FOR PLAINTIFF
50 EAST 42ND STREET 17TH Floor
NEW YORK, NY 10017
(212) 697-8777

To:
   Attorney for
   Address
   City, State, Zip

Service of the within

                    is hereby admitted.

Dated:

                    Attorney's for
                    _____

Signature _____

Edward C. Greenberg
Erica Galinski

Certified pursuant to rule 130-1.1(a)